IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD L COX, Trustee for AFFILIATED  *
FOODS SOUTHWEST, INC.,                  *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *   Case No: 4:11CV558
                                        *
                                        *
DAVID HENDRIX, ET AL.,                  *
                                        *
        Defendants.                     *
                                        *

## Memorandum Opinion and Order

Now before the Court are motions to abstain filed by separate defendants David Hendrix and John Miller and a motion to consolidate filed by Miller. Bankruptcy Trustee Richard L. Cox responded to the motions, and Miller filed a reply to Cox's response to Miller's motion to consolidate. For the reasons stated below, the motions to abstain are denied and the motion to consolidate is granted.

### Background

On May 5, 2009, Affiliated Foods Southwest, Inc. ("Affiliated Foods") and its wholly-owned subsidiary, Shur-Valu Stamps, Inc. ("Shur-Valu") filed petitions for Chapter 11 bankruptcy. The Chapter 11 cases were both converted to Chapter 7 cases on August 13, 2009. Cox was appointed as trustee for Affiliated Foods, and Randy Rice was appointed as

trustee for Shur-Valu.[1]  On April 18, 2011, Cox filed the complaint now before the Court ("Cox case") against sixteen former officers and members of the board of directors of Affiliated Foods, alleging breaches of fiduciary duty and negligence.[2]  The Court withdrew the reference on July 7, 2011, and issued an Initial Scheduling Order on July 14, 2011.

On May 4, 2011, Rice filed an adversary proceeding in bankruptcy court ("Rice case") against fourteen former officers and members of the board of directors of Shur-Valu, alleging breach of fiduciary duty, negligence, civil conspiracy, unjust enrichment, and waste of corporate assets.[3]  Judge Brian Miller granted the motion to withdraw the reference in the Rice case on September 7, 2011.

On July 15, 2010, two investors who purchased securities sold by Affiliated Foods during the period of June 24, 2006, and May 5, 2009, filed a putative class action lawsuit in state court, *Kelley v. John Mills* ("Kelley case").  They named thirteen former officers and directors of Affiliated Foods as defendants, alleging breach of fiduciary duty and violations of the Arkansas Securities Act.  On August 6, 2010, one of the defendants, John Mills, filed a cross-claim and third-party complaint against the other former officers and directors of Affiliated Foods.[4]

Separate defendants Hendrix and Miller, who are also named as defendants in the Kelley case, move the Court to abstain as mandated by 28 U.S.C. § 1334(c)(2) or, in the alternative, to

---

[1] *Affiliated Foods Southwest, Inc.,* Case No. 4:09bk-13178; *In re Shur Valu Stamps, Inc.*, Case No. 4:09bk-13183.

[2] The matter was commenced as an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Arkansas on April 18, 2011, *Cox v. Hendrix,* No. 4:11-ap-01090.

[3] *Rice v. Mills*, No. 4:11-ap-1151.

[4] *See* document no. 35-3.

exercise permissive abstention pursuant to 28 U.S.C. § 1334(c)(1).  Cox argues that neither mandatory nor permissive abstention is appropriate.  Separate defendant Miller also moves the Court to consolidate the Cox and Rice cases.  Cox objects to consolidation, arguing separate trials are necessary to avoid prejudice and confusion.

**Discussion**

A.      Abstention

Title 28 United States Code Section 1334 provides for two types of abstention, mandatory and permissive.

Section 1334(c)(2), referred to as the "mandatory abstention" provision, provides, in relevant part:  "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  A federal court is required to abstain from an action if (1) a timely motion is made; (2) the claim or cause of action is based upon state law; (3) the claim or cause of action is "related to" a bankruptcy case, but did not "arise in" or "arise under" the bankruptcy case; (4) such action could not have been commenced in federal court absent § 1334 jurisdiction; (5) such action is commenced in State Court; and (6) such action can be timely adjudicated in State Court.  *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 381 (Bankr.E.D.Ark. 2003)(citing *In re TitanEnergy, Inc.*, 837 F.2d 325, 333 n. 14 (8th Cir.1988).  The burden is on the movants to prove that abstention is required under § 1334(c)(2).  *Id.*  Cox

argues that movants cannot establish that a parallel action has been commenced in state court or that the action can be timely adjudicated in state court.  He further argues mandatory abstention does not apply because the Cox case constitutes a core proceeding.

In the Cox case, the trustee alleges the defendants breached their fiduciary duty and were negligent in conducting the affairs of Affiliated Foods by (1) failing to require and obtain audited financial statements; (2) allowing and failing to prevent the violation of Affiliated Foods' loan covenants to its lenders; (3) failing to have independent accounting, auditing and oversight; (4) failing to prevent and discover the reporting of false and misleading financial information; (5) failing to prevent and discover a check kiting scheme; (6) failing to prevent and discover false real estate transactions; (7) installing a compensation structure that promoted improper control; and (8) failing in the overall control of the affairs of Affiliated Foods.[5]  Plaintiffs in the Kelley case allege defendants breached their fiduciary duty by failing to register the Certificates of Indebtedness or obtain a valid state law exemption; participated in the sale of the Certificates which were not registered or exempt; failed to have Affiliated Foods' financial statements audited as required by the company's corporate by-laws; and failed to operate the company in a manner that protected the company's viability.  They also allege defendants violated the Arkansas Securities Act.[6]  Cox contends that because the state court action does not contain all of the parties and all of the causes of action encompassed in the Cox case, there is no parallel action as required for mandatory abstention. Cox argues that while both cases allege breach of

---

[5] *See* document no. 35-4.

[6] *See* document no. 23-1; 35-2. at 10 (Second Amended Class Action Complaint in *Kelley v. Mills*).

fiduciary duty, neither the plaintiffs nor the basis on which the plaintiffs seek to recover overlap.

The Kelley case was filed by two individuals who allege that certain certificates of indebtedness issued by Affiliated Foods constituted "securities" that were neither registered nor exempt under the Arkansas Securities Act. The breach of fiduciary duty is based on the allegation that Affiliated Foods failed to register the securities. The Kelley case is a proposed class action that seeks to recover monies that would be distributed to the holders of the certificates. The Cox case alleges breaches of fiduciary duty that have nothing to do with certificates of indebtedness or securities registration. The breaches of fiduciary duty alleged in the Cox case involve different conduct which is alleged to have led Affiliated Foods into bankruptcy. The Cox case also alleges negligence, a cause of action not asserted in the Kelley case. The Cox case is brought by the trustee of Affiliated Foods' bankruptcy estate to recover monies for the company's creditors who have filed claims in the bankruptcy proceeding. Cox argues that any recovery in the Kelley case will not be on behalf of creditors generally. Although the Kelley case alleges the board members failed to audit financial statements and failed to operate the company in a way that protected Affiliated Foods' viability, Cox asserts these claims of breach of fiduciary duty belong to the company.[7]

In sum, Cox contends that the Kelley case is not a parallel action because Cox is not a party in the Kelley case, plaintiffs do not assert a claim of negligence in the Kelley case, and in

---

[7]*See Berry ex rel. Dillard's Inc v. Dillard*, ___ S.W.3d ___, 2011 WL 1144697 (Ark. App. March 30, 2011)(in order for shareholders to assert a claim belonging to the corporation and on the corporation's behalf, they must show either that a demand was made on the board and it was wrongfully refused or that a demand should be excused because the directors are incapable of making an impartial decision regarding such litigation).

the event the *Kelley* plaintiffs are successful, only the holders of the certificates will recover; there would be no recovery for the trustee on behalf of Affiliated Foods' creditors.

Miller argues that even though Cox is not a plaintiff in the Kelley case,[8] mandatory abstention should apply because both cases asserts claims of breach of fiduciary duty. Miller recognizes that Affiliated Foods has the sole standing to assert claims of breach of fiduciary duty but argues that Cox may intervene in the Kelley case for the purpose of asserting those claims.

"Implicit in the requirement that there be a pending parallel proceeding in order to abstain is the concept that the state proceeding involve the same issues as the federal proceeding." *In re Bay Vista of Virginia,* 394 B.R. 820, 843 (Bankr.E.D.Va.2008). In *In re Nationwide Roofing & Sheet Metal, Inc.*, 130 BR 768, 779 (Bankr. S.D. Ohio 1991), the court said:

> [A]lthough the state court proceeding does contain some of the same parties and some of the same causes of action which are present in this adversary the state court proceeding could not, if Nationwide prevailed, provide the relief which Nationwide could obtain in this adversary, nor would such relief be obtained against the same parties in both proceedings. As a result, the court concludes that the adversary in this court is a different 'action' than the state court proceeding. Accordingly, this adversary is NOT an action which has been previously commenced. Although the court recognizes that state law may permit the amendment of pleadings to add causes of action and parties to the existing state proceeding, or permit the filing of another complaint in state court which may include additional causes of action and additional defendants, the state court 'action' which is contemplated by § 1334(c)(2) has not been 'commenced').

The Court finds movants fail to establish that a parallel action has been commenced in state court.

---

[8]Miller bases his argument for extension on both the Cox case and the Rice case, which he argues should be consolidated.

Cox also asserts movants cannot establish that his claims could be timely adjudicated. The state court case was filed in July 2009. No scheduling order or trial date has been set, and Cox notes that the plaintiffs in the state court case only recently moved for class certification. Cox argues that the issue of class certification likely will require discovery and a hearing just on the certification issue, and a certification decision is subject to an interlocutory appeal. Cox argues that such a potential delay would be prejudicial to the trustee and creditors of Affiliated Foods and would impede Affiliated Foods' bankruptcy proceeding by delaying payments to its creditors until the state court case is adjudicated. Cox points out that his case already has a tentative trial date.[9] The Court finds movants fail to establish that the case will be timely adjudicated in state court.[10]

In the alternative, movants ask the Court to abstain from exercising jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(c)(1).[11]

---

[9] *See* document no. 21 (Initial Scheduling Order).

[10] The Court finds defendants have established that this is a non-core proceeding. *See Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773-74 (8th Cir. 1995)("Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987) (*Wood*); *see* 28 U.S.C. § 157(b)(2). Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy. *Wood,* 825 F.2d at 97").

[11] Section 1334(c)(1) provides: "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In addition to the general standards listed in (c)(1), other factors which courts have found appropriate to consider are: the effect or lack thereof on the efficient administration of the bankruptcy estate; the extent to which state law claims predominate over bankruptcy issues; the difficult or unsettled nature of the applicable law; the presence of a related proceeding commenced in state court; the jurisdictional basis for the case in federal court other than 28 U.S.C. § 1334; the degree of relatedness or remoteness of the proceeding from the main bankruptcy case; the substance rather than the form of an asserted core proceeding; the feasibility of severing state law claims

As stated above, the Kelley case does not involve the same parties and the same claims as the Cox case. Therefore, the Court finds permissive abstention is not appropriate.

B.  Consolidation

Defendant Miller moves the Court to consolidate the Cox case with the Rice case pursuant to Fed.R.Civ.P. 42(a) because they involve common issues of law or fact.[12] The Rice case brought by the trustee for Shur-Valu is based on allegations that defendants: (1) failed to have independent accounting, auditing, and oversight; (2) neglected to obtain independently audited financial statements; (3) failed to monitor and oversee Shur-Valu and its subsidiaries; (4) turned a "blind eye" to the check-kiting scheme; (5) allowed and failed to prevent the violation of loan covenants; (6) endorsed a compensation structure that promoted improper conduct; and (7) paid no attention to company operations.[13] Miller argues that the Cox and Rice cases stem from the same transactions and occurrences and share twelve defendants. Further, he asserts the companies shared a single, common board of directors, and the common board of directors met only at joint meetings of the boards of the two companies during the time period at issue in the

---

from core bankruptcy matters to allow the state court to enter judgments with enforcement left to the bankruptcy court; the burden on the bankruptcy court's docket; the likelihood that the proceeding involves forum shopping; the existence of a right to jury trial; and the presence in the proceeding of non-debtor parties. *In re Stabler*, 418 B.R. 764 (8th Cir. BAP 2009). "[W]here most of the criteria that Congress established for mandatory abstention have been met, 'bankruptcy courts should give careful consideration [to] whether it would be appropriate to exercise their discretion to abstain under section 1334(c)(1)." *Frelin*, 292 B.R. at 383 (quoting *Titan Energy, Inc.*, 837 F.2d at 333 n.14).

[12]General Order No. 39, *In the Matter of Implementation of Local Rule 40.1 on Case Assignments in the Eastern District of Arkansas*, provides: "(c) Consolidation of Civil Cases. Any party to a civil case may move for consolidation of pending cases. If such motion is granted, the consolidated case will be assigned to the judge with the lower (lowest) case number." Since Miller filed his motion, the motion to withdraw the reference in the Rice case has been granted. *See Rice v. Mills*, 4:11CV00668 BSM.

[13]*See* document no. 35-5.

two cases. The companies shared common officers, and reported their operations on consolidated financial statements. Miller states that because the companies' operations were combined, they both filed for bankruptcy at the same time as a result of the same events. Both cases assert claims of negligence and breach of fiduciary duty for the same alleged actions and inactions of the defendants. Miller argues both time and expense can be saved by having the same judge presiding over the cases.

Cox opposes the consolidation of the cases for trial, arguing that the companies are two different legal entities and different legal issues are involved. Cox argues that the nature of the allegations in the Cox case are primarily that the board members committed nonfeasance while the allegations in the Rice case appear to pit Shur-Valu against Affiliated Foods. He asserts that directors of a subsidiary corporation owe different legal duties to both the subsidiary and to the parent company than do directors of a parent company. Cox also states that while he has brought straightforward claims for breaches of fiduciary duty and negligence, the Rice case has numerous additional claims and includes some additional defendants, including defendants who have been convicted of felonies.

The Court finds pursuant to Local Rule 40.1 that the motion to consolidate should be granted and the Rice case should be assigned to this Court's docket. The Court will consolidate the cases pursuant to Fed.R.Civ.P. 42 and enter a joint initial scheduling order. If it is determined later that separate trials are necessary to avoid prejudice and confusion, the Court may so order.

**Conclusion**

IT IS THEREFORE ORDERED that the motions to abstain [docket entries 23 & 35] are

denied. The motion to consolidate [docket entry 28] is granted. The Clerk is directed to re-assign *Rice v. Mills*, 4:11cv00668 BSM, to this Court.

DATED this 4th day of October, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE